INHABITANTS OF ORONO, *petitioners, versus* THE COUNTY COMMISSIONERS OF THE COUNTY OF PENOBSCOT.

The County Commissioners, when giving notice of the time and place appointed for viewing the route, in relation to the locating, altering or discontinuing a highway, are not bound to fix on the time and place for hearing the parties. The appointment for that purpose may be conveniently made at the close of the view.

Where it is stated in the record of the Commissioners, of their December term, 1844, that the petition for the road was presented at the preceding August term, 1844, and the survey and location of the road made in November; it is sufficiently plain, that the location was made in November, 1844.

In their return of the laying out of a road, the Commissioners are not bound to adopt the language of the petition; and where the courses and distances are given from one known terminus in the petition, though the boundary at the other may not have the description given it in the petition, still, if the record does not show any want of identity, it is sufficient.

Where a highway is located by the Commissioners, and there are no appli-
cations for damages, though the Commissioners continue the petition to
the then third regular session after their report or return was made, accepted
and recorded, this does not impair the legality of their proceedings.

PETITION for *certiorari*. The substance of the petition
sufficiently appears in the arguments of counsel and the
opinion of the Court. The following causes were assigned
therein against the legality and validity of the doings of the
Commissioners, in laying out and establishing the highway.

1. Because at the time, when the petition for this highway
was made, entered, notice ordered, and view had, there was
pending in the Supreme Judicial Court, an appeal taken by
William Jameson, one of these petitioners, from the decision
of the county commissioners of said county, discontinuing said
road or highway, and the same question was at that time
pending before a tribunal having cognizance and jurisdiction
thereof.

2. Because the Commissioners ordered, at the August term,
1844, that, after the meeting at Jameson's, and a view, "a
hearing should be had, at some convenient place in the vicin-
ity;" but did not fix in the order, upon any place for said
hearing, or give any notice, or order any to be given, of the
particular place where said hearing should be had.

3. Because it does not appear from the report of said Com-
missioners, or from the records of their doings, in that year,
that said highway was surveyed and located.

4. Because it does not appear from the report of said Com-
missioners, that the said highway was located and established
as prayed for by the petition of said Jameson & al. but on the
contrary that it was not so located and established.

5. Because the highway petitioned for was a highway lead-
ing from the termination of Cumberland street in the city of
Bangor, coinciding with the lower road, so called, and terminat-
ing at the Bennock road, so called, near Wm. Jameson's house
in Oldtown. Yet the Commissioners laid out and established
a highway from near said Jameson's house to *Lime* street, and
not to the termination of Cumberland street in the city of
Bangor, which are different and distinct termini.

6. Because the road or highway from said Jameson's house to Lime street, was never petitioned for, and never adjudged to be of common convenience and necessity.

7. Because it does not appear that either termination of the highway, as laid out and established on the petition of William Jameson & al. as aforesaid, was in the city of Bangor.

8. Because no person or persons were aggrieved by the decision of the County Commissioners in estimating damages sustained by the laying out and establishing of said road, and no petition for redress in respect of damages, (as by the record appears and as is true in point of fact,) was made or entered at either the first or second regular session of said County Commissioners after the session when their return or report was made, accepted and recorded. And yet the said county commissioners did, illegally and without authority of law, cause said petition to be continued till the third regular session after the report or return was made, accepted and recorded as aforesaid, and did not, as they were bound to do, when they made and recorded their said return, cause to be entered of record that the original petition, upon which their proceedings were founded, was continued until their second next regular session to be held thereafter, nor at such second next regular session have the proceedings on said petition closed and so entered of record as the statute in such case requires.

*Washburn,* for petitioners.

1. There was another petition for substantially the same road, pending when this was entered, and up to the day of the hearing. While that was pending, another could not be received or recognized ; no notice could be given ; no proceedings had. While respondents were defending one petition, were they to take notice of, and answer to, another for the same thing ? Two actions at law, for the same thing, are not maintainable concurrently.

2. The Commissioners should have fixed on the "convenient place" and given notice thereof, so that persons interested might know *where* to appear.

3. The record is insufficient, unless it shows *when*, in what year, the road was laid out. It does not (and, if the year is not stated, it cannot,) appear that the report was made to the *next* term.

4, 5, 6 & 7. The petition was for a highway between the termination of Cumberland street and Jameson's. On *this* (*i. e.* such a petition as above,) petition, there was notice, but on no other. *This* road (*i. e.* one thus prayed for,) was adjudged to be of "common convenience and necessity." Yet *this* road was never located. The Commissioners instead, laid out *another* road : — one not asked for, and never adjudged of "common convenience and necessity;" whether Lime street is in Bangor, Orono or Hampden, does not appear of record. Cumberland street and Lime street are different places; not substantially the same. 3 Fairf. 271 ; 10 Shepl. 9.

8. There was no application for damage, and yet the petition was continued to the 3d term, and was not closed at the 2d term, as the law provides. Rev. Stat. chap. 25, sect. 5 and 6. It was not an error of *form* merely, but of *substance*. The Commissioners had no jurisdiction for this purpose, at the 3d term. *State* v. *Pownal*, 1 Fairf. 24 ; *Inhabitants of Parsonsfield, petitioners*, 10 Shepl. 511.

*Cutting*, for respondents.

TENNEY, J.—It is unnecessary to intimate what would be the decision of the Court upon such a state of facts as it is alleged exists, as the first ground for the petition. It is upon the record that we are to determine, whether the writ shall be granted or denied. No record presented to the Court shows that, "at the time when the petition for this highway was made, notice ordered and view had, there was pending in the Supreme Judicial Court for said county of Penobscot, an appeal taken by William Jameson, one of these petitioners from the decision of the County Commissioners, discontinuing said highway."

2. When a petition is presented to the County Commissioners, for the location, alteration or discontinuance, of a highway

within their jurisdiction, if they are satisfied, that the petition-
ers are responsible, and that inquiry into the merits of their ap-
plication is expedient, they are authorized to view the premises,
after giving such notice as the statute prescribes.    R. S. c. 25,
§ 2.    By the next section, the Commissioners are empowered
to lay out, alter or discontinue such highway, " if after such
view and hearing of the parties and their testimony, which
hearing shall be at the time and place of such view, or at
some convenient place in the vicinity, after such view, they
shall judge the same to be of common convenience and neces-
sity."    No notice is required before the hearing here referred
to, *after* the view.    It is supposed to take place immediately
upon the view of the premises and before any separation of the
Commissioners, and those interested, who may be in attend-
ance.    It was proper that the examination and hearing should
not be confined to the place, where the way was proposed by
the petition to be laid out.    This might be attended with
unnecessary inconvenience on account of the weather or other
causes.    But this hearing is confined by the statute to the
time, when the view is made, if upon the ground viewed ; if
at some convenient place, it may be afterwards ; but it was
expected, under a fair construction of the statute, to be a part
of the same proceedings, and no notice, other than such as
would accompany the adjournment to another place, would be
of any use ; this notice, all who chose to be present under the
notice made previous to the view, would have, and every
opportunity would be given them to be heard upon the matter
pending.

3. The record of the proceedings, at the term of the Court
held on the second Tuesday of December, 1844, shows that
the petition was presented at the August term of the court,
1844 ; that after the legal notice a view was had at a session
held on the 31st day of October, 1844, and thereafter there
was a hearing, and an adjudication, that the road prayed for
was of common convenience and necessity ; and that on the
19th day of November, the same was laid out.    It is objected
that the record does not disclose the year of the location.

Where it is stated in the record made at the December term, 1844, that the petition was presented at the preceding August term, and the survey and location made in November, the inference is irresistible, that the location of the road prayed for was in November, 1844.

4. The fourth ground in support of the petition for *certiorari* is substantially the same as the three next succeeding, and they may be considered together. The petition was for a way from the termination of Cumberland street in Bangor, coinciding with the lower road, so called, and terminating at the Bennock road, near William Jameson's house in Oldtown. The Commissioners say in their return, that they "proceeded to survey and locate *said highway* (referring to the petition therefor,) as follows, to wit: — "commencing at a stake on the east side of the Bennock road in Oldtown, and north 85°, east 3 rods and 24 links from the south-east corner of William Jameson's house, thence," &c. And the last line run in the location is, "thence south, 41° 55', west 113 rods to a stake marked R* on the east side of Lime street." That is certain, which may be made so. The courses and distances are given from one *terminus*, which it is not denied is in compliance with the requirement under the petition, and by following them it can be ascertained, whether the survey will terminate at or near the other. There is nothing in the record, exhibiting any want of identity. The stake standing on the east side of Lime street, may, for aught which appears to the contrary in the record, be the termination of Cumberland street in Bangor. They were not bound to adopt the language of the petition in their return, if they conform substantially thereto. *Cushing* v. *Gay*, 23 Maine, 9; *Windham* v. *Co. Commissioners of Cumberland*, 26 Maine, 406.

8. It appears by the record made at the December term of the Court of Commissioners, 1845, that "this petition was entered at the August term, 1844, at which term notice was ordered, &c., and the same was thence continued to the December term, 1844, at which term the Commissioners made return hereon and caused the same to be recorded, and the same

was thence continued agreeably to statute provision, from term to term, to this term, and now all proceedings on this petition are closed." By Revised Statutes, chap. 99, sect. 8, three terms of the court of County Commissioners are established in the county of Penobscot annually, and the term held in December, 1845, was not the second next regular session after the term held the previous December. The error relied upon with much apparent confidence is, that the continuance being for a longer time, than that provided by the statute, the jurisdiction of the court over the subject of this petition had ceased before the completion of the proceedings; and hence the road has no legal existence.

When the Commissioners make and record their return of laying out, altering or discontinuing a highway, they are required to cause to be entered of record, that the petition upon which their proceedings are founded, is continued, until their second next regular session, thereafter, and all persons aggrieved on account of damages estimated, or omitted to be estimated, shall present their petitions for redress at the first or second next regular session; and if no such petitions be then presented, the proceedings upon the original petition shall be closed and so entered of record; and all claims for damages, not before allowed, shall be forever barred. R. S. chap. 25, sect. 5.

If a court ceases to have jurisdiction of a matter, which had been regularly before it, its subsequent acts touching such matter are void; and in such case as the present, the writ should be granted, if the final adjudication and record were made after the power of the court had terminated. *Cushing* v. *Gay*, 23 Maine, 9. Consent of parties cannot restore a jurisdiction, which has ceased to exist. If by extreme sickness of a majority of the members of the Court, there should be an omission of an order that proceedings be closed and so entered of record, as is provided in the statute, and the power to continue the matter, and to make the order subsequently, has utterly ceased, such order could have no validity, however disastrous the consequences might be.

The various matters, which are entered in the Court of County Commissioners, it is believed, are often continued by order of the Court, by universal practice ; and this, where there is no statute requirement of prohibition.   In petitions for the laying out, alteration and discontinuance of highways, the Court may have no opportunity to ascertain whether the petitioners are responsible ; or that inquiry into the merits of the application is expedient, or for any reason, they do not expect to be able to view the premises before the next session, is it doubted that the power exists to enter a continuance ?   Is there any greater reason for denying this power, simply for the accommodation of the Court alone, in a case like the present, where it is the second next regular term, after the survey and location of a highway has been returned and recorded.   Was it intended that the proceedings should be then closed and so entered of record, on forfeiture of all subsequent jurisdiction over the matter of the petition ?   The statute prescribes no such consequences as the result of the omission, in direct terms.

In giving a construction to a statutory provision, it is often important to ascertain the object of the Legislature in its enactment.   If this object is manifest, much aid may be obtained therefrom.

The purpose of this part of the statute was to give a certain but limited time, within which complaints on account of damages, should be presented.   The return, showing where the way was laid, and what damages had been awarded to the owners of the land, over which it passed, was required to be recorded, that complainants might know with accuracy, what had been done to their prejudice ; and that the opening of the road should not be indefinitely postponed by petitions, on account of damages, such claims are barred after the second term subsequent to that, when the return is recorded.   The Commissioners can hear or receive no petition for damages, or an increase thereof after that time ; but it cannot be understood that their general powers are so restricted, that jurisdiction is lost by a continuance of the proceedings for other causes, than

the reception of petitions for damages, or hearing evidence thereon.

By this delay, none could suffer, excepting those interested in having the road opened, and ready for travel. And such a delay would be quite immaterial, compared with that, which would follow a discontinuance of the petition, and all proceedings thereon.

It does not appear, that there was any application for damages; hence, there has been no reception of petitions or hearing of the petitioners, which were illegal; the petitioners for the writ, have sustained no damage by the delay; it is admitted that the road in Bangor and Oldtown has been completed, and that in Orono, it is under contract at a fixed price.

*Petition dismissed, and writ denied.*