WARE, *petitioner for certiorari, versus* COUNTY COMMIS-SIONERS OF PENOBSCOT COUNTY.

By c. 196, § 1 of laws of 1841, before a road is located across lands not situ-ated within an organized plantation or incorporated town, notice must be given of the pendency of the petition, and of the *time and place* appointed to consider the same and adjudicate thereon.

An omission to give *such notice* is sufficient cause for granting the writ of *certiorari* against the County Commissioners.

It is essential to the validity of the proceedings of County Commissioners in laying out a highway across a township, that they determine at whose ex-pense the way is to be made.

PETITION for writ of *certiorari.*

A petition was presented to the Commissioners of Penob-scot County at their August term, 1851, for the location of a county road, commencing in township No. three, in the fifth range of townships, on the Aroostook road, near the school-house in district No. one; thence westerly across township No. three, in the sixth range, and township No. three, in the seventh range, to the east branch of Penobscot river, near the house of W. H. Hunt, jr.

On this petition a hearing was ordered, and that the Com-

missioners "meet at Patterson's tavern, in No. 3, Aroostook road, on Wednesday the 28th of January next, at 10 o'clock, A. M., and thence proceed to view the route mentioned in said petition, immediately after which view, a hearing of the parties and witnesses will be had at some convenient place in the vicinity, and such further measures taken in the premises as the Commissioners shall judge proper, and that notice of the time, place and purposes of the Commissioners' meeting aforesaid, be given to all persons and corporations interested, by copies, &c. on the chairman of the County Commissioners of Aroostook county, and by publishing the petition and order in one of the papers printed in Bangor, the first publication thirty days before the time appointed, and by publication in the Age, six weeks successively, the last publication thirty days before said view, that all persons," &c.

The Commissioners of the two counties met, and agreed to lay out the road prayed for.

Afterwards the Commissioners of Penobscot surveyed and marked the road in Penobscot county, and adjudged "that township No. 3, in the sixth range, and No. 3, in the seventh range will be enhanced in value, each of them, by the laying out and establishing the road prayed for, to the full amount of the cost and expense of opening and making said road in each of said townships, and said Commissioners adjudge, (the owners being to them unknown,) that the proprietors of said township No. 3, in the sixth range, shall pay the whole amount of the cost of opening and making said road in said township, being in the judgment of the Commissioners, proportionate to the value and benefit likely to result to said township."

The copies of the records exhibited did not show at whose expense the road across township No. 3, in the seventh range, was to be built.

The petitioner, at the time of said application was, and still is, the owner of one half of the latter township. The

Commissioners were about assessing taxes upon the same for the building of the road.

Several errors in the proceedings were alleged, among which were:—

1st. That the Commissioners did not cause notice of the time and place of the view to be posted up in three public places in the towns through which said route passed, or to be served on the clerks of said towns.

3d. That no notice was ordered or given of any place at which parties and witnesses might be heard in opposition to said petition and road; nor was any such place appointed by the Commissioners; nor does it appear by the record, at what place the hearing was had.

7th. That as appears by the records, the Commissioners of Penobscot county adjudged that the proprietors of township No. 3, range 7, shall pay the whole amount of the cost of opening and making said road in said township, being an uncertain amount, and not a fixed sum as the law requires.

*Rowe & Bartlett,* for petitioner, cited c. 196, § 1, of laws of 1841; *Pingree* v. *County Commissioners,* 30 Maine, 351.

*Hilliard & Flagg, contra,* cited c. 25, § 23, and c. 196, § 1, (1841,) and contended that the required notice had been given. They also cited 4 Mass. 565; 11 Mass. 417; 1 Met. 122; 19 Maine, 338; 23 Maine, 9; 24 Maine, 406.

HOWARD, J. — The petitioner, as part owner and tenant in common of *Township numbered three, seventh range,* in the county of Penobscot, applies for a writ of *certiorari,* to bring up the record of the proceedings of the County Commissioners, in locating a highway across that, and the adjoining township *numbered three, in the sixth range,* in the same county.

The original petition was for the location of a public highway across lands not situated within the limits of any organized plantation or incorporated town. In such cases the statute of 1841, c. 11, p. 196, § 1, requires that the

County Commissioners, " upon being satisfied that the peti-tioners ought to be heard touching the matter set forth in their petition, shall, before having any further proceedings thereon, order the petitioners to give notice of the pendency of their petition, and of the *time and place appointed to consider the same, and adjudicate thereon,*" in the manner therein prescribed. But in the case presented by the peti-tioner, no such order was made and the notice required by law was not given. The proceedings, therefore, were de-fective, *in limine.*

The notice to be given on petitions for the location of highways leading from town to town, is prescribed in the Revised Statutes, c. 25, § § 2, 3, and differs from that requir-ed on applications for locating such ways through unorgan-ized places. It was held in *Orono* v. *County Commission-ers,* 30 Maine 302, that in the former case, when giving no-tice of the time and place appointed for a meeting to view the route, the County Commissioners are not bound to fix the time and place for hearing the parties; but in the latter it is required by the express terms of the statute of 1841, before cited.

It appears on inspection of the copies of the record be-fore us, that the County Commissioners did not decide at whose expense that part of the highway located across town-ship *numbered three, in the seventh range,* was to be made. On that account, and to that extent at least, their proceed-ings cannot be sustained. *Pingree* v. *County Commission-ers,* 30 Maine, 351. *Writ granted.*

SHEPLEY, C. J., and TENNEY, APPLETON and HATHAWAY, J. J., concurred.